```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
           SOUTH BEND DIVISION
```

MAURICE JOHNSON-BEY,            )
                                )
          Plaintiff,            )
                                )
    v.                          )   NO. 3:09-CV-0249
                                )
INDIANA DEPARTMENT OF           )
CORRECTIONS, *et al.*,          )
                                )
          Defendants.           )

## OPINION AND ORDER

This matter is before the Court on Plaintiff Mauraice Johnson's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth below, this Court **DENIES** the Plaintiff's motion to alter or amend judgment.

BACKGROUND

Maurice Johnson-Bey, Aurelius Allen-Bey, Nelson Harris-Bey, and Antonio Putnam-Bey, prisoners housed at the Indiana State Prison filed a filed a complaint pursuant to 42 U.S.C. § 1983, alleging that "the defendants violated their right to practice their religion unmolested." (DE 1 at 1). This Court split the complaint into four separate cases because joinder was improper pursuant to Rule 20 of Federal Rules of Civil Procedure. But for reasons of judicial economy this Court consolidated the four cases for the purpose of screening the plaintiffs' complaints pursuant to

28 U.S.C. § 1915A(A). This Court dismissed the Plaintiffs' complaints pursuant to Section 1915A(A) because they stated no claim upon which relief could be granted. Plaintiff Johnson-Bey moves to alter or amend the judgment in this case, asserting that he should be allowed to amend his complaint to cure deficiencies.

DISCUSSION

Johnson-Bey has filed a motion for relief from judgment based on Fed. R. Civ. P. 59(e).

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill.) (Citations omitted).

The Plaintiff states two grounds in his motion. First he states that "In this jurisdiction, prisoners are entitled to 'an opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency cannot be overcome.'" (DE 19-1 at 1). The cases the Plaintiff cites in support of this proposition are both Ninth Circuit cases, which are not controlling precedent in this circuit.

2

Johnson-Bey asserts that "In this case, the deficiency can be overcome." (DE 19-1 at 1). This Court did not dismiss this complaint based on pleading technicalities. The Court examined Johnson-Bey's complaint and its attachments carefully in its screening order and dismissed the complaint on the merits because the complaint stated no claim upon which relief can be granted. Johnson-Bey does not state what deficiencies in his complaint he believes can be cured or how he would cure those deficiencies if he could amend his complaint.

Rule 59(e) requires that the movant "clearly establish" one of the grounds for relief set forth in that rule. Johnson-Bey does not state what deficiencies he could cure by amending his complaint, and the court can discern no deficiencies that the Plaintiff could cure by means of an amended complaint.

In his second paragraph, Johnson-Bey asserts that "under Rule 15(a), the plaintiff has an absolute right to amend his complaint once before the defendants file an answer." (DE 19-1 at 1). He further asserts that "In the Ninth Circuit, prisoners also have the right to amend the complaint even if it's (sic) not the first time, to overcome any problems with it, unless it is absolutely clear that the problem can't be fixed." (*Id.*). But as this Court has already noted, this district is not within the Ninth Circuit, and this Court cannot discern any deficiencies that the Plaintiff could cure by means of an amended complaint.

Had Johnson-Bey filed an amended complaint before screeing, the court would have accepted it pursuant to Rule 15(a), and screened the amended complaint rather than the original complaint. But "a party cannot request leave to amend following a final judgment unless that judgment has been vacated." *Weiss v. Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000). The judgment in this case has not been vacated, and Johnson-Bey has not presented any meritorious reason to vacate the judgment.

CONCLUSION

Nothing in Johnson-Bey's motion for relief from judgment clearly establishes any of the grounds set forth in Fed. R. Civ. P 59(e) that would justify relief. Accordingly, this Court **DENIES** the Plaintiff's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**DATED: November 20, 2009**          /S/RUDY LOZANO, Judge
                                       **United States District Court**